**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **1168 Liberty Corp.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **DBA  Pretty Girl** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **11-3247086** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1168 Liberty Avenue**<br>**Brooklyn, NY 11208**<br>Number, Street, City, State & ZIP Code | **1407 Broadway, Suite 2300**<br>**New York, NY 10018**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Kings**<br>County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **1168 Liberty Corp.**                                                    Case number (*if known*) _____
_____
Name

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
____**4481**____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| | District | | When | | Case number |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| Debtor | **See Attachment** | Relationship | _____ |
|---|---|---|---|
| District | _____ | When | Case number, if known _____ |

| Debtor | **1168 Liberty Corp.** | Case number *(if known)* |
|---|---|---|
| | Name | |

---

**11. Why is the case filed in** *this district?*

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

███ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **1168 Liberty Corp.** | Case number (*if known*) | _____ |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June  9, 2017**
_____
MM / DD / YYYY

**X** **/s/ Albert Nigri**
_____
Signature of authorized representative of debtor

**Albert Nigri**
_____
Printed name

Title    **President**
_____

**18. Signature of attorney**

**X** **/s/ Sanford P. Rosen**
_____
Signature of attorney for debtor

Date    **June  9, 2017**
_____
MM / DD / YYYY

**Sanford P. Rosen**
_____
Printed name

**Rosen & Associates, P.C.**
_____
Firm name

**747 Third Avenue**
**Floor 20**
**New York, NY 10017-2803**
_____
Number, Street, City, State & ZIP Code

Contact phone    **(212) 223-1100**    Email address    **srosen@rosenpc.com**

**(SR-4966)**
_____
Bar number and State

Debtor    **1168 Liberty Corp.**
          Name                                                              Case number (*if known*)

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number (*if known*) _____    Chapter    **11**

☐ Check if this an
   amended filing

---

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **72 Fashion Corp.** | | | Relationship to you | **Affiliate** |
| District | **Southern District of New York** | When | **6/09/17** | Case number, if known | |
| Debtor | **Pretty Girl of Fordham Road Corp.** | | | Relationship to you | **Affiliate** |
| District | **Southern District of New York** | When | **6/09/17** | Case number, if known | |
| Debtor | **Pretty Girl, Inc.** | | | Relationship to you | **Affiliate** |
| District | **Southern District of New York** | When | **7/02/14** | Case number, if known | **14-11979 (SHL)** |

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                               Chapter 11

1168 LIBERTY CORP. d/b/a PRETTY GIRL,              Case No.

                              Debtor.
---------------------------------------------------------x

## DECLARATION OF ALBERT NIGRI
## PURSUANT TO RULE 1007-2 OF THE LOCAL BANKRUPTCY
## RULES FOR THE SOUTHERN DISTRICT OF NEW YORK

Albert Nigri declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1.      I am the sole officer, director, and shareholder of 1168 Liberty Corp. d/b/a

Pretty Girl, the debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11

case.  In this capacity, I am familiar with the day-to-day operations, business, and financial

affairs of the Debtor.

2.      I submit this Declaration pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York (the "**Local Rules**") to assist this Court and other

parties in interest in understanding the circumstances giving rise to the commencement of this

chapter 11 case.

3.      Except as set forth below, all facts set forth in this Declaration are based

upon my personal knowledge and/or information provided to me concerning the operation and

financial affairs of the Debtor.  If called upon to testify, I would testify competently to the facts

set forth below.  I am authorized to submit this Declaration on behalf of the Debtor.

4.      The Debtor is a corporation organized under the laws of the state of New

York.  It maintains its corporate offices at 1407 Broadway, Suite 2300, New York, NY 10018

(the "**Offices**").  At 1168 Liberty Avenue, Brooklyn, NY 11208 (the "**Premises**"), the Debtor operates a retail store under the name "Pretty Girl" that sells fashionable junior, missy, and plus-size clothing, accessories, and footwear to price-conscious women.

5.    The Debtor is an affiliate of Pretty Girl, Inc. ("**Pretty Girl**"), which filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on July 2, 2014 in the United States Bankruptcy Court for the Southern District of New York (*In re Pretty Girl, Inc.*, Case No. 14-11979 (SHL)).  The chapter 11 case of Pretty Girl was converted to one under chapter 7 of the Bankruptcy Code on December 23, 2014.  The chapter 7 trustee of Pretty Girl's bankruptcy estate has commenced an adversary proceeding against the Debtor, *LaMonica v. 1168 Liberty Corp.*, Adv. Pro. No. 16-01154 (SHL), in which the trustee alleges breach of contract and seeks payment for goods that were allegedly sold and delivered but unpaid for, which is currently pending before this Court.

6.    The Debtor also is an affiliate of Pretty Girl of Fordham Road Corp. d/b/a Pretty Girl ("**Fordham**") and 72 Fashion Corp. d/b/a Pretty Girl ("**72 Fashion**"), both of which filed chapter 11 cases on the date hereof, and 16 non-debtor affiliated stores (the "**Stores**"), each of which is separately incorporated.  I am the sole shareholder of the Debtor, Pretty Girl, Fordham, 72 Fashion, and the Stores.

7.    The Debtor's assets consist of its inventory, which secures its guaranty obligation to repay indebtedness in the amount of approximately $300,000 (the "**Indebtedness**") of Pretty Girl to JPMorgan Chase, N.A. ("**Chase**").  The Indebtedness also is guaranteed by each of the Stores, Fordham, 72 Fashion, and the Stores.   PGNY, Inc., a non-debtor affiliate wholly owned by me, also is a guarantor, as am I.

2

8.      As of June 8, 2017, the Debtor's books and records reflect assets totaling approximately $62,000 and liabilities totaling approximately $271,000, exclusive of amounts due to Chase under its guaranty.

9.      On or about March 10, 2017, the Marshal of the City of New York (the "**City**") served the Debtor with a Notice of Execution informing the Debtor that an execution (the "**Execution**") against the Debtor's personal property had been issued as a result of a judgment entered in favor of the City and against the Debtor in respect of certain Environmental Control Board violations in the case *City of New York v. 1168 Liberty Corp.*, Marshal's Docket No. P79947.  The amount of the lien arising therefrom as of March 29, 2017 is $39,231.05.

10.      As of the commencement of the Debtor's chapter 11 case, the Execution had not yet been carried out and the Debtor's property has not been levied upon.

11.      The Debtor commenced its chapter 11 case in order to continue to operate its business at the Premises and to maintain, protect, and preserve its property.

### Information Required by Local Rule 1007-2

12.       Local Rule 1007-2 requires the Debtor to disclose certain information. This information is outlined below and set forth in the schedules attached hereto.

13.      Pursuant to Local Rule 1007-2(a)(4), the Debtor is required to set forth the following information with respect to the holders of its twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of person(s) familiar with the Debtor's accounts, if any; the amount of the claim; and an indication whether the claim is contingent, unliquidated, disputed, or partially secured.  Such information is set forth in Exhibit "A" attached hereto.

3

14.    Pursuant to Local Rule 1007-2(a)(5), the Debtor is required to set forth the following information with respect to each of the holders of its five (5) largest secured claims; the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address); the amount of the claim; and an indication of whether the claim or lien is disputed.  The Debtor's only secured creditors are (a) Chase, which, as of the commencement of the Debtor's chapter 11 case, has an undisputed contingent claim in the amount of the Indebtedness and (b) the City of New York, as judgment creditor, which, as of the commencement of the Debtor's chapter 11 case, has an undisputed claim in the amount of approximately $39,000.  The contact information for Chase is as follows:

> JPMorgan Chase Bank, NA
> c/o Platzer, Swergold, Levine,
>   Goldberg, Katz & Jaslow, LLP
> 475 Park Avenue South
> New York, NY 10016
> Attn.: Clifford A. Katz, Esq.

The contact information for the City of New York is as follows:

> City of New York
> c/o Leopold, Gross & Sommers, P.C.
> 16 Court Street, Ste. 1903
> Brooklyn, NY 11241
> Attn.: Paul R. Gross, Esq.

15.    Pursuant to Local Rule 1007-2(a)(6), the Debtor is required to set forth a summary of its assets and liabilities.  A summary of the Debtor's assets and liabilities is set forth in Exhibit "B" attached hereto.

16.    Pursuant to Local Rule 1007-2(a)(7), the Debtor is required to disclose whether any of its securities are publicly held.  None of the Debtor's securities are publicly held.

17.    Pursuant to Local Rule 1007-2(a)(8), the Debtor is required to set forth a list of all property in the possession or custody of any custodian, public officer, mortgagee,

pledgee, assignee of rents, secured creditor, or agent for any such entity, giving the name, address, and telephone number of such entity, and the location of the court in which any proceeding thereto is pending. None of the Debtor's property is so held.

18.     Pursuant to Local Rule 1007-2(a)(9), the Debtor is required to set forth a list of premises owned, leased, or held under other arrangement from which it operates its business. The Debtor leases the Premises from which it operates its business.

19.     Pursuant to Local Rule 1007-2(a)(10), the Debtor is required to disclose the location of its substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the Debtor outside the territorial limits of the United States. The Debtor's primary assets consist of its inventory. The Debtor's assets are located at the Premises, and its books and records are located at the Offices. None of the Debtor's assets are located outside the territorial limits of the United States.

20.     Pursuant to Local Rule 1007-2(a)(11), the Debtor is required to set forth a list of the nature and present status of each action or proceeding, pending or threatened, against it or its property where a judgment against it or a seizure of its property may be imminent. Such information is set forth above.

21.     Pursuant to Local Rule 1007-2(a)(12), the Debtor is required to disclose the names of the individuals who comprise its existing senior management, their tenure, and a brief summary of their relevant responsibilities and experience. I am the sole officer of the Debtor and have been so since its inception in 1995.

22.     Pursuant to Local Rule 1007-2(b)(1)-(2)(A), the Debtor is required to disclose the estimated amount of weekly payroll to employees (not including officers, directors, and stockholders) and the estimated amount to be paid to officers, stockholders, directors, and

5

financial and business consultants retained by it for the 30-day period following the filing of its

chapter 11 petition.  Pursuant to Local Rule 1007-2(b)(c), the Debtor also is required to disclose

for the 30-day period following the filing of its chapter 11 petition, a list of its estimated cash

receipts and disbursements, net cash gain or loss, and obligations and receivables expected to

accrue that remain unpaid, other than professional fees.  All such information is set forth in the

interim 30-day budget attached hereto as Exhibit "C."

Dated:  New York, New York
        June 9, 2107

                                    /s/ Albert Nigri
                                    Albert Nigri

# EXHIBIT A

---

**Fill in this information to identify the case:**

Debtor name        **1168 Liberty Corp.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   _____

☐ Check if this is an
   amended filing

---

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐     *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐     *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐     *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐     *Schedule H: Codebtors* (Official Form 206H)
☐     *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐     Amended *Schedule* _____
■     *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐     Other document that requires a declaration   _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June  9, 2017**          X **/s/ Albert Nigri**
                                           Signature of individual signing on behalf of debtor

                                         **Albert Nigri**
                                           Printed name

                                         **President**
                                           Position or relationship to debtor

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                     Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **1168 Liberty Corp.**

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF NEW YORK**

Case number (if known): _____

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Glacial Energy PO Box 20277 Waco, TX 76702 | | | | | | $856.16 |
| Petriello & Mizrahi, LLC 1733 Sheepshead Bay Road Suite 24 Brooklyn, NY 11235 | | | | | | $1,400.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

# EXHIBIT B

**1168 Liberty Corp.**

# Balance Sheet

### As of June 8, 2017

12:29 PM

06/08/17

Accrual Basis

| | Jun 8, 17 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 1110 · Chase Checking | 2,533.47 |
| **Total Checking/Savings** | 2,533.47 |
| **Other Current Assets** | |
| 1310 · Inventory | 57,000.00 |
| **Total Other Current Assets** | 57,000.00 |
| **Total Current Assets** | 59,533.47 |
| **Fixed Assets** | |
| 1500 · Leasehold Improvements | 3,960.00 |
| 1599 · Accumulated Depreciation | -2,178.00 |
| **Total Fixed Assets** | 1,782.00 |
| **Other Assets** | |
| 1410 · Security Deposit | 1,150.00 |
| **Total Other Assets** | 1,150.00 |
| **TOTAL ASSETS** | **62,465.47** |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 2100 · Accounts Payable | 156,908.21 |
| **Total Accounts Payable** | 156,908.21 |
| **Other Current Liabilities** | |
| 1326 · Due to/from Intercompanies | 61,064.21 |
| 1321 · Due to/from Pretty Girl | 41,500.00 |
| 2400 · LOAN PAYABLE - OFFICER | 8,000.00 |
| 2210 · Payroll Liabilities | |
| 2211 · Federal W/T Payable | 2,540.47 |
| 2212 · State & City W/T Payable | 304.42 |
| **Total 2210 · Payroll Liabilities** | 2,844.89 |
| 2220 · Corporate Taxes Payable | |
| 2221 · State Corporate Taxes Payable | 300.00 |
| 2222 · City Corporate Taxes Payable | 500.00 |
| **Total 2220 · Corporate Taxes Payable** | 800.00 |
| **Total Other Current Liabilities** | 114,209.10 |
| **Total Current Liabilities** | 271,117.31 |
| **Total Liabilities** | 271,117.31 |

**12:29 PM**

**06/08/17**

**Accrual Basis**

**1168 Liberty Corp.**

# Balance Sheet

### As of June 8, 2017

|  | Jun 8, 17 |
|---|---|
| **Equity** | |
| 3000 · **Retained Earnings** | -161,968.34 |
| 3100 · **Capital Stock** | 100.00 |
| **Net Income** | -46,783.50 |
| **Total Equity** | -208,651.84 |
| **TOTAL LIABILITIES & EQUITY** | 62,465.47 |

# EXHIBIT C

**1168 Liberty Corp.**

# Cash Budget
### June 8 through July 7, 2017

|  | Jun 8 - Jul 7, 17 |
|---|---:|
| **Ordinary Income/Expense** | |
| **Income** | |
| 4000 · Sales | 100,000.00 |
| **Total Income** | 100,000.00 |
| **Cost of Goods Sold** | |
| 5000 · Purchases | 47,500.00 |
| **Total COGS** | 47,500.00 |
| **Gross Profit** | 52,500.00 |
| **Expense** | |
| 6110 · Salaries & Wages | 15,000.00 |
| 6150 · Payroll Taxes | 1,920.00 |
| 6130 · Professional Fees | 200.00 |
| 6210 · Rent Expense | |
| 6211 · Rent | 15,000.00 |
| **Total 6210 · Rent Expense** | 15,000.00 |
| 6220 · Utilities | 320.00 |
| 6230 · Telephone | 135.68 |
| 6240 · Carting Expense | 70.77 |
| 6250 · Security Alarm | 146.98 |
| 6260 · Repairs and Maintenance | 0.00 |
| 6310 · Store Supplies | 160.00 |
| 6410 · Merchant Fees | 684.06 |
| 7210 · Insurance | |
| 6160 · NY Disability Insurance | -31.38 |
| 7211 · Workers' Compensation | 406.42 |
| 7212 · Liability Insurance | 440.80 |
| **Total 7210 · Insurance** | 815.84 |
| 6170 · Management Fee | 5,000.00 |
| **Total Expense** | 39,453.33 |
| **Net Ordinary Income** | 13,046.67 |
| **Net Income** | **13,046.67** |

## CERTIFICATE OF CORPORATE RESOLUTIONS
## OF 1168 LIBERTY CORP.

        The undersigned, the President of 1168 Liberty Corp., a corporation organized under the laws of the state of New York (the "**Company**"), does hereby certify that the following resolutions were duly adopted by the Board of Directors of the Company (the "**Board**"), and they have not been modified or rescinded and are still in full force and effect on the date hereof.

        RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and it is further

        RESOLVED, that the President and any other person designated and so authorized to act (each, an "**Authorized Officer**") be, and hereby are, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time as said Authorized Officer executing the petition shall determine; and it is further

        RESOLVED, that the law firm of Rosen & Associates, P.C., 747 Third Avenue, New York, New York 10017-2803, is hereby employed as attorneys for the Company in the Company's chapter 11 case; and it is further

        RESOLVED, that each Authorized Officer be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and it is further

        RESOLVED, that each Authorized Officer and such other employees of the Company as the Authorized Officers shall designate from time to time and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate, enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, assignments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's business; and it is further

RESOLVED, that each Authorized Officer, and such other officers of the Company as the Authorized Officers shall from time to time designate, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company to: (i) negotiate, execute, deliver and/or file, in addition to the agreements, documents, and instruments referenced herein, such other agreements, documents and instruments and assignments thereof as may be required or as such Authorized Officers deem appropriate or advisable, or to cause the negotiation, execution and delivery thereof, in the name and on behalf of the Company in such form and substance as such Authorized Officers may approve, together with such changes and amendments to any of the terms and conditions thereof as such officers may approve, with the execution and delivery thereof on behalf of the Company by or at the direction of such Authorized Officers to constitute evidence of such approval, (ii) negotiate, execute, deliver and/or file, in the name and on behalf of the Company any and all agreements, documents, certificates, consents, filings, and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as such Authorized Officers deem appropriate or advisable in connection therewith, and (iii) do such other things as may be required, or may in their judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby; and it is further

RESOLVED, that each Authorized Officer be, and each hereby is, authorized and empowered on behalf of and in the name of the Company to execute such consents of the Company as such Authorized Officer considers necessary, proper, or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action; and it is further

RESOLVED, that any and all past action heretofore taken by an Authorized Officer of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby is, ratified, confirmed, and approved.

IN WITNESS WHEREOF, I have hereunto set my hand this 8th day of June 2017.

**1168 Liberty Corp.**

By: /s/ Albert Nigri
       Albert Nigri, President

# United States Bankruptcy Court
## Southern District of New York

In re    **1168 Liberty Corp.**                         Case No. _____

                                         Debtor(s)          Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Albert Nigri**<br>**1950 E. 19th Street**<br>**Brooklyn, NY 11229** | **Common Stock** | **100%** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **June 9, 2017** _____        Signature   **/s/ Albert Nigri** _____

                                                       **Albert Nigri**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

# United States Bankruptcy Court
## Southern District of New York

In re  **1168 Liberty Corp.** _____  Case No. _____
                                          Debtor(s)      Chapter    **11**

# VERIFICATION OF CREDITOR MATRIX

I, the President of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to

the best of my knowledge.

Date:  **June  9, 2017** _____      **/s/ Albert Nigri** _____
                                                      **Albert Nigri/President**
                                                      Signer/Title

1556 FLATBUSH AVE CORP.
1556 FLATBUSH AVENUE
BROOKLYN, NY 11210


1592 PITKIN AVE. CORP.
1592 PITKIN AVENUE
BROOKLYN, NY 11212


165-24 JAMAICA AVE CORP.
C/O PGNY SPORTSWEAR, INC.
1407 BROADWAY, SUITE 2300
NEW YORK, NY 10018


165-24 JAMAICA AVE. CORP.
165-24 JAMAICA AVENUE
JAMAICA, NY 11432


241 UTICA AVE. CORP.
241-243 UTICA AVENUE
BROOKLYN, NY 11213


2891 3RD AVE. CORP.
28-91 3RD AVENUE
BRONX, NY 10455


35-53 JUNCTION BLVD. CORP.
3553 JUNCTION BLVD.
CORONA, NY 11368


72 FASHION CORP.
72 E. 170TH STREET
BRONX, NY 10452


947 S. CORP.
947 SOUTHERN BLVD.
BRONX, NY 10459


AGERA ENERGY, LLC
C/O WINSTON & WINSTON, P.C.
ATTN.: ALEKSANDER POWIETRZYNSKI
750 THIRD AVENUE, SUITE 978
NEW YORK, NY 10017

ALBERT NIGRI
1950 E. 19TH STREET
BROOKLYN, NY 11229


CITY OF NEW YORK
C/O LEOPOLD, GROSS & SOMMERS, P.C.
ATTN.: PAUL R. GROSS, ESQ.
16 COURT STREET, STE. 1903
BROOKLYN, NY 11241


ENVIRONMENTAL CONTROL BOARD
PO BOX 2307
PECK SLIP STATION
NEW YORK, NY 10038


GLACIAL ENERGY
PO BOX 20277
WACO, TX 76702


JASMINE SPORTSWEAR, INC.
1738 INDUSTRIAL STREET
LOS ANGELES, CA 90021


JPMORGAN CHASE BANK, NA
C/O PLATZER, SWERGOLD, LEVINE LLP
ATTN.: CLIFFORD A. KATZ, ESQ.
475 PARK AVENUE SOUTH
NEW YORK, NY 10016


LIBERTY AVE R.E. LLC
C/O PGNY SPORTSWEAR, INC.
1407 BROADWAY, SUITE 2300
NEW YORK, NY 10018


MEGA WEAR CORP.
1407 BROADWAY, SUITE 2300
NEW YORK, NY 10018


PETRIELLO & MIZRAHI, LLC
1733 SHEEPSHEAD BAY ROAD
SUITE 24
BROOKLYN, NY 11235


PG OF 2174 WPR, CORP.
2174 WHITE PLAINS ROAD
BRONX, NY 10462

PG OF 27 GRAHAM AVE. CORP.
27 GRAHAM AVENUE
BROOKLYN, NY 11206


PG OF 3810 BERGENLINE CORP.
3810 BERGENLINE AVENUE
UNION CITY, NJ 07087


PG OF 412 BROADWAY INC.
412 BROADWAY
NEW YORK, NY 10013


PG OF 444-446 86TH STREET
444-446 86TH STREET
BROOKLYN, NY 11209


PG OF 514-516 FULTON ST. CORP.
514-516 FULTON STREET
BROOKLYN, NY 11201


PG OF 730 FLATBUSH AVE. CORP.
983 FLATBUSH AVENUE
BROOKLYN, NY 11226


PG OF 75 BROAD STREET INC.
75 BROAD STREET
ELIZABETH, NJ 07201


PG OF JERSEY CITY CORP.
912 BERGEN AVENUE
JERSEY CITY, NJ 07306


PGNY SPORTSWEAR INC.
1407 BROADWAY
NEW YORK, NY 10018


PGNY SPORTSWEAR, INC.
1407 BROADWAY, SUITE 2300
NEW YORK, NY 10018


PRETTY GIRL OF 116 CORP.
2136 3RD AVENUE
NEW YORK, NY 10035

PRETTY GIRL OF FORDHAM ROAD CORP.
203 E FORDHAM RD
BRONX, NY 10458


PRETTY GIRL OF JEROME CORP.
3460 JEROME AVENUE
BRONX, NY 10467


PRETTY GIRL OF MOUNT VERNON
30 S. 4TH STREET
MOUNT VERNON, NY 10550


PRETTY GIRL OF NEWARK LTD.
141 MARKET STREET
NEWARK, NJ 07102


PRETTY GIRL OF PERTH AMBOY LTD
107 SMITH STREET
PERTH AMBOY, NJ 08861


PRETTY GIRL OF WEST 125 STREET
272 W. 125TH STREET
NEW YORK, NY 10027


PRETTY GIRL OF WOODBRIDGE INC.
265 MAIN STREET
ORANGE, NJ 07050


PRETTY GIRL, INC.
1407 BROADWAY, SUITE 2300
NEW YORK, NY 10018


PRETTY GIRL, INC.
1407 BROADWAY
NEW YORK, NY 10018


ROOSEVELT FASHIONS CORP.
136-21 ROOSEVELT AVENUE
FLUSHING, NY 11354

# United States Bankruptcy Court
## Southern District of New York

In re    **1168 Liberty Corp.**

Debtor(s)

Case No.

Chapter    **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **1168 Liberty Corp.**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

June  9, 2017

Date

**/s/ Sanford P. Rosen**

**Sanford P. Rosen (SR-4966)**

Signature of Attorney or Litigant

Counsel for    **1168 Liberty Corp.**

**Rosen & Associates, P.C.**

**747 Third Avenue**
**Floor 20**
**New York, NY 10017-2803**
**(212) 223-1100 Fax:(212) 223-1102**
**srosen@rosenpc.com**